# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CURTIS N. SYMONDS and ) | Case No. 10-14401 |
| PATRICIA M. SYMONDS ) | Chapter 11 |
| ) | |
| Debtors ) | |
| ) | |
| Acme Real Estate, LLC, ) | |
| Plaintiff, ) | |
| v. ) | |
| Curtis N. Symonds and ) | |
| Patricia M. Symonds ) | |
| Defendants. ) | |

**DEBTORS' RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ADQUEQUATE PROTECTION, OR IN THE ALTERNATIVE, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE**

Curtis Symonds and Patricia Symonds, the Debtors herein, through counsel, file this response to the Motion for Relief from the Automatic Stay and for Adequate Protection, or in the Alternative, for Allowance and Payment of Administrative Expense (the "Motion") (Docket No. 21), filed by Acme Real Estate, LLC ("Acme"), and state as follows:

1. Admitted.

2. Admitted.

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Counsel for the Debtors

3. The Debtors admit that they were the record and beneficial owners of the property located at 6216 Kilcullen Drive, McLean, Virginia (the "Property"), and state by way of further answer that although they are no longer the record owners of the Property, they remain the beneficial owners. The Debtors admit that deeds of trust and/or modifications to deeds of trust were recorded against the Property in favor of Access National Bank ("ANB") to secure the Debtors' guarantee of a business loan made by ANB. The loan documents and deed of trust and/or modifications to the deed of trust speak for themselves and therefore no answer is required to the final sentence of this Paragraph.

4. The Debtors admit that the Property was encumbered by a mortgage in favor of Wells Fargo which the Debtors understand was senior to any deed of trust in favor of ANB.

5. The Debtors admit that Hoop Magic, LLC defaulted on its loan from ANB. The Debtors have been informed by ANB that it conducted a foreclosure sale of the Property on March 23, 2010, but demand strict proof thereof. The Debtors lack sufficient information to admit or deny the remaining allegations of this Paragraph and demand strict proof thereof.

6. The Debtors lack sufficient information to admit or deny the allegations of this Paragraph, including the allegations in Footnote 1, and demand strict proof thereof.

7. The Debtors have been informed by Acme that the deed of trust to Wells Fargo was paid off, but demand strict proof thereof.

8. Denied.

9. The Debtors admit that Acme filed an action for unlawful detainer in the General District Court of Fairfax County, which was returnable on May 27, 2010. The Debtors lack sufficient information to admit or deny the allegations of the second sentence of this Paragraph and demand strict proof thereof. The Debtors deny the third sentence of this Paragraph, and state

2

by further answer that Acme continued the May 27, 2010 hearing to June 10, 2010, and further continued the June 10 hearing to August 12, 2010, but has not stayed its prosecution of the unlawful detainer proceeding.

10. The Debtors deny that Acme was the beneficial owner of the Property at the time of the filing of this bankruptcy case. The Debtors lack sufficient information to admit or deny the remaining allegations of this Paragraph and demand strict proof thereof.

11. The Debtors admit the allegations of this Paragraph to the extent that they admit that notice of the foreclosure sale was delivered to their residence, but state by way of further answer that they did not have actual knowledge of the foreclosure sale until a few minutes before the foreclosure took place. As to the allegations in Footnote 2, the Debtors admit that they have filed an adversary proceeding, Case No. 10-01240 against Acme, ANB, Advantageous Equities, L.L.C., the trustee under the deed of trust pursuant to which the foreclosure took place, and Neil I. Title, the manager of Advantageous Equities and counsel to Acme, to set aside the foreclosure pursuant to Virginia statutory and common law and pursuant to Bankruptcy Code § 548 (the "Adversary Proceeding"). The Defendants' response to the Complaint in the Adversary Proceeding is due on July 12, 2010. The final pretrial conference is set for November 8, 2010.

12. The Debtors deny all of the allegations of this Paragraph.

13. Denied.

14. Denied.

15. Denied.

16. The Debtors lack sufficient information to admit or deny the allegations of the first two sentences of this Paragraph and demand strict proof thereof. The Debtors deny the allegations of the last sentence of this Paragraph.

3

17. The Debtors deny that Acme is entitled to adequate protection of its bare legal title to the Property. The Debtors state by way of further answer that the Property has an assessed value of $1,114,630, more than double Acme's alleged "investment" in the Property, and that this equity cushion provides more than sufficient adequate protection, should the Court determine that adequate protection is necessary pending the outcome of the Adversary Proceeding.

18. The Debtors deny the allegations of this Paragraph and state by way of further answer that they are the beneficial owners of the Property and that as such they are entitled to live there. The Debtors also state by way of further answer that they are maintaining, caring for and insuring the Property as their own, and that the equity cushion described in the previous Paragraph provides more than sufficient adequate protection to Acme, should the Court determine that adequate protection is necessary pending the outcome of the Adversary Proceeding.

19. Denied.

20. The Debtors state by way of further answer that the issues raised in the Adversary Proceeding must be resolved before the Court can determine whether to grant relief from the stay to Acme. If the Debtors are successful in voiding the foreclosure sale, then the Property will be property of the bankruptcy estate, and it might be necessary for the Court to determine what claims, if any, Acme has against the bankruptcy estate as a result of its alleged payment of the Wells Fargo mortgage. In addition, if the foreclosure sale is voided, then Acme and ANB might have claims against Advantageous Equities, L.L.C. and Mr. Title. These issues cannot be resolved in the context of this lift stay proceeding, as to which ANB, Advantageous Equities, L.L.C. and Mr. Title are not parties. The real issue presented by this lift stay proceeding is

whether Acme is entitled adequate protection when its interest in the Property is disputed, its alleged "investment" in the Property is protected by the value of the Property which is more than double the amount of the alleged "investment," and the Debtors are caring for the Property as if they were the record as well as beneficial owners. Under these circumstances, no adequate protection is necessary.

WHEREFORE, Curtis Symonds and Patricia Symonds, the Debtors herein, through counsel, hereby respectfully request that the Court enter an order denying the Motion for Relief from the Automatic Stay and for Adequate Protection, or in the Alternative, for Allowance and Payment of Administrative Expense, filed by Acme Real Estate, LLC, and granting such other further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

THE MEIBURGER LAW FIRM, P.C.

Dated: July 6, 2010                By: /s/ Janet M. Meiburger
                                   Janet M. Meiburger
                                   VSB No. 31842
                                   The Meiburger Law Firm, P.C.
                                   1493 Chain Bridge Road, Suite 201
                                   McLean, VA  22101
                                   (703) 556-7871
                                   Counsel for the Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2010, I caused a true and correct copy of the foregoing Debtors' Response to Motion for Relief from the Automatic Stay and for Adequate Protection, or in the Alternative, for Allowance and Payment of Administrative Expense to be served by first class mail, postage prepaid, on the following:

Kevin M. O'Donnell
Henry & O'Donnell, P.C.
300 N. Washington St., Suite 204
Alexandria, Virginia 22314
*Counsel for Acme Real Estate, LLC*

Business Finance Group
3930 Pender Drive, Suite 300
Fairfax, VA 22030

DirectTV
PO Box 11732
Newark, NJ 07101-4732

Washington Gas
PO Box 37747
Philadelphia, PA 19101-5407

Dominion Power
PO Box 26543
Richmond, VA 23290

BB&T Financial, FSB
PO Box 580435
Charlotte, NC 28258-0435

SKO Brenner American
40 Daniel Street
PO Box 230
Farmingdale, NY 11735-0230

Stanley Security
55 Shuman Blvd, Suite 900
Naperville, IL 60563

Orkin Pest control
PO Box 3349
Fairfax, VA 22101

Nordstrom Bank
PO Box 79137
Phoenix, AZ 85062

Cox Communication
PO Box 2000
Herndon, VA 20171-3221

AAA Trash Removal
PO Box 9001099
Louisville, KY 40290-1099

State Farm Insurance
PO Box 588002
North Metro, GA 30029

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Curtis and Patricia Symonds
6216 Kilcullen Road
McLean, VA 22101

                                                /s/ Janet M. Meiburger
                                                  Janet M. Meiburger